UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN J. LAMIE, JR., )<br>　　Plaintiff, )<br> )<br>-v- )<br> )<br>PAUL WRIGHT, RACHAEL CERESKA, )<br>GREG SMITH, PAMELA S. SMITH, DAVID )<br>W. LAMIE, MURIEL D. LAMIE, and )<br>FEDERAL HOME LOAN MORTGAGE CO., )<br>　　Defendants. )<br>_____) | No. 1:12-cv-1299<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DISPOSITIVE MOTIONS, and GRANTING IN PART MOTIONS FOR SANCTIONS**

By earlier order of this Court, this lawsuit was referred to the magistrate judge for all pretrial matters. Plaintiff Ervin LaMie, Jr. filed an amended complaint (ECF No. 85.) The parties have filed multiple motions, which have been addressed in a report and recommendation issued by the magistrate judge.[1] (ECF No. 111.) Plaintiff filed objections. (ECF No. 116.) Defendants Pamela S. Smith, Greg Smith, and Muriel LaMie also filed objections. (ECF No. 118.)

**LEGAL FRAMEWORK**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v.*

---

[1] The only pending motion not addressed in the report and recommendation is the motion for summary judgment filed by Defendants Rachael Cereska and Paul Wright. (ECF No. 113.) That motion was filed after the report and recommendation issued.

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

## ANALYSIS

The R&R addresses eight motions. Defendants Greg Smith, Pamela Smith, and Muriel LaMie filed six motions; (1) ECF No. 25 - motion to dismiss, (2) ECF No. 53 - motion for sanctions, (3) ECF No. 77 - motion for summary judgment, (4) ECF No. 92 - motion for summary judgment, and (5) ECF No. 102 - motion for sanctions. Defendant David LaMie filed two motions: (1) ECF No. 67 - motion for sanctions and (2) ECF No. 96 - motion to dismiss. Defendant Federal Home Loan Mortgage Co. ("Freddie Mac") filed a single motion, ECF No. 70 - motion to dismiss and ECF No. 98 - supplemental brief for motion to dismiss. The magistrate judge recommends granting the motions to dismiss (ECF Nos. 25, 70, and 96) and the motions for summary judgment (ECF Nos. 77 and 92). The magistrate also recommends granting, in part, the motions for sanctions. (ECF Nos. 53, 67, and 102.)

The Court has reviewed the R&R. The history of the litigation involving two parcels of land is lengthy, and the report succinctly and accurately describes the issues raised in multiple earlier lawsuits and the results. The report also outlines the relevant law of *res judicata* and applies the law to the facts and issues raised in the amended complaint. The report carefully summarizes each of the claims in Plaintiff's amended complaint and identifies why the claims fail.

**A. Dispositive Motions**

    **1. Defendant Freddie Mac.** The amended complaint names Freddie Mac in counts 3, 4,

2

5, 9, and 10.  (R&R 17-20 PgID 1024-27.)  The magistrate judge recommends dismissing counts 3, 4, 9, and 10 on the basis of *res judicata*.  The magistrate judge recommends dismissing count 5 because the Plaintiff makes no substantive allegations against the defendant as part of this count.  The magistrate judge also concludes that the amended complaint fails to state a claim against this defendant for each of the five counts in which it is named.  (R&R 24-34 PgID 1031-41.)

       **2.  Defendants David LaMie, Greg Smith, Pamela Smith, and Muriel LaMie.**  The amended complaint names these family defendants in each count, except for count 6.  (R&R 20-23 PgID 1027-30.)  The magistrate judge recommends dismissing counts 1, 4, 5, 7 (a, b, and c), 8-10 on the basis of *res judicata.*  The magistrate judge also concludes that the amended complaint fails to state a claim against these defendants.  (R&R 24-34 PgID 1031-41.)

       **3.  Plaintiff's Objections**

Plaintiff raises general objections to the recommendations related to *res judicata* by summarizing the prior litigation history.  These general objections are insufficient to invoke this Court's de novo review.  *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Plaintiff does raise a few specific objections to some of the facts contained in the R&R about the prior litigation.  Those objections, however, do not provide a basis for rejecting the recommendation that *res judicata* precludes the claims advanced in this litigation.  As explained in the R&R, *res judicata* bars both claims that were brought, and claims that could have been brought in the earlier lawsuits.  To the extent Plaintiff believes errors occurred in the previous cases he has brought, his remedy was an appeal, not a new lawsuit.

Plaintiff raises objections to the portion of the R&R addressing two of the substantive counts.  For Count 1, Plaintiff argues the count could not be subject to *res judicata* because the conspiracy

was not discovered until after the prior litigation was over.  Plaintiff's objection ignores the litigation history of the Taft Road property provided in the R&R.  (R&R 9-12 PgID 1016-19.)  The motions filed in the earlier lawsuits, which are the basis for the alleged conspiracy (ECF No. 85 Amended Compl. ¶¶ 19-39), were actually litigated in state court and, therefore, are subject to *res judicata.*  In addition, Plaintiff *could* have raised this issue when he brought one of his earlier lawsuits in federal court.  *See LaMie v. Smith*, No. 1:12-cv-201 (W.D. Mich. 2012).  For Count 2, Plaintiff argues that Defendant Pamela Smith committed fraud by filing a defective deed.  Plaintiff's objection ignores the reasoning in the R&R.  The magistrate judge concluded that Plaintiff had no interest in the property in 2010.  Therefore, *Plaintiff* could not be defrauded of the property, even if Pamela Smith did commit fraud.

These objections are OVERRULED.

**B.  Sanctions**

The magistrate judge recommends revoking Plaintiff's privilege of proceeding *in forma pauperis* in the federal courts with regard to any future lawsuits involving one or more of the parties to this lawsuit or involving either the Taft Road or Wilson Road properties.  (R&R 34-37 PgID 1041-45.)

**1. Plaintiff's Objection.**  Plaintiff generally complains of the recommended sanction, based on his perception of the unfairness of the legal system.  Such a general objection does not require a de novo review by this Court.  *See Howard,* 932 F.2d at 509.  This objection is OVERRULED.

**2. Greg Smith, Pamela Smith, and Muriel LaMie's Objection.**  These defendants repeat their request that Plaintiff be sanctioned to cover the costs of having to travel to Michigan to defend these lawsuits.  These defendants requested travel costs as part of one of their motion for sanctions

4

(ECF No. 102). These defendants reasoned that they had already traveled to Michigan for Plaintiff's motion to amend his complaint, which was scheduled for April 1, 2013 (ECF No. 75), when the hearing was cancelled on March 28 (ECF No. 83). Defendants have not identified any basis for assessing travel costs as a sanction against Plaintiff. The Court, not Plaintiff, cancelled the hearing. These defendants also object to the Case Management Order issued on March 20, 2014. (ECF No. 112.) This is not a proper objection to the R&R. Defendants' stipulation to a non-jury trial cannot deprive Plaintiff of his right to a jury trial as either party may demand a jury. Regardless, this objection is moot as these defendants will be dismissed and will not have to attend, as a party, any jury trial that might be held. These objections are OVERRULED.

## CONCLUSION

The Court has reviewed the R&R in light of the objections filed by the parties and has found no errors in either the factual or legal conclusions contained in the report. The R&R (ECF No. 111) is **ADOPTED**, over objections, as the opinion of this Court. As recommended, the motions to dismiss (ECF Nos. 25, 70, and 96) and the motions for summary judgment (ECF Nos. 77 and 92) are **GRANTED.** The claims against Defendants David LaMie, Greg Smith, Pamela Smith, Muriel LaMie, Freddie Mac are **DISMISSED** and these Defendants are **TERMINATED.** As recommended, the motions for sanctions (ECF Nos. 53, 67, and 102) are **GRANTED IN PART and DENIED IN PART.** Plaintiff's privilege of proceeding *in forma pauperis* in the federal courts with regard to any future lawsuits involving one or more of the parties to this lawsuit or involving either the Taft Road or Wilson Road properties is revoked.

Date:   April 29, 2014                                          /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge