UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

|  |  |  |
|---|---|---|
| ERVIN JOSEPH LAMIE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-1299 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| PAUL WRIGHT, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is one of a series of lawsuits brought by Ervin Joseph LaMie, Jr. involving real estate owned by his parents. By order entered April 29, 2014 (docket # 120), Chief Judge Paul L. Maloney granted motions to dismiss or for summary judgment brought by defendants David LaMie, Greg Smith, Pamela Sue Smith, Muriel LaMie, and Federal Home Loan Mortgage Corporation (Freddie Mac). The court found that plaintiff's complaint failed to state a claim upon which relief could be granted against these defendants or that plaintiff's claims were barred by *res judicata*, arising from previous proceedings in the Muskegon County Probate Court or in this court. The only remaining defendants are Rachel Cereska and Paul Wright, employees of a corporation known as PW Services, Inc., which acted as the court-appointed conservator for plaintiff's parents in Muskegon County Probate Court proceedings.

Cereska and Wright have now moved for summary judgment. (docket # 113). Their motion for summary judgment incorporates by reference the findings and conclusions contained in the report and recommendation (docket # 111) adopted by Chief Judge Maloney in his order

dismissing the other defendants.  Defendants have attached to their motion certain pleadings and orders in the Muskegon County Probate proceedings, which serve to clarify the course of those proceedings and the claims that were resolved.  As noted, the court's principal findings were that plaintiff's claims were barred by *res judicata* and that his twelve-count complaint failed to state a claim on which relief can be granted.  Plaintiff has not responded to the motion for summary judgment, and the time for him to do so has expired.  For the reasons set forth below, I recommend that summary judgment be entered on behalf of the moving defendants and that final judgment be entered in this case in favor of defendants and against plaintiff.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).  The court must draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1).  FED. R. CIV. P. 56(c)(1).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e)(2), (3); *see El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Corr. Med. Servs.*, 555  F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules:  Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence

satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET

AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); see *Surles v. Andison*, 678

F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, a summary judgment in

favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible

of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553

(1999).  This higher standard applies to defendants' assertion of *res judicata*, which is an affirmative

defense on which defendants bear the burden of proof.

Although plaintiff elected not to file a response to defendants' motion for summary

judgment, the court may not for that reason alone enter judgment against plaintiff.  *See Carver v.*

*Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483,

486 (6th Cir. 2000).  Rather, the court is required to examine defendants' motion to ensure that they

have discharged their burden.

## Discussion

### I.     Res Judicata

It would serve no useful purpose to repeat the proposed findings of fact and

conclusions of law set forth in the previous report and recommendation (docket # 111) which have

now been adopted by the district judge.  For purposes of analyzing the *res judicata* defense, it is

necessary only to emphasize the following points already reflected in previous opinions of the court:

(1)     PW Services acted as court-appointed conservator in incompetency

proceedings involving plaintiff's father (*Matter of Ervin Joseph LaMie, Sr.*,

case no. 08-8468) and his mother (*Matter of Muriel LaMie*, case no. 08-84570).

(2)     In those conservatorship proceedings, Probate Judge Neil Mullally adjudicated plaintiff's claims to a 40-acre parcel of real estate and a 20-acre parcel, which have been collectively referred to in this case as the "Taft Road property."

(3)      In the year 2011, Judge Mullally entered orders approving the conservator's sale of both parcels to third parties, free and clear of plaintiff's claims.  In other orders, Judge Mullally addressed plaintiff's claims to certain personal property located on those parcels and bank accounts.

(4)     Before the sale of the Taft Road property was completed pursuant to Judge Mullally's orders, plaintiff brought a circuit court action in Ottawa County against several family members and PW Services.  By order entered February 13, 2012, Ottawa County Circuit Judge Edward R. Post extinguished plaintiff's notices of lis pendens with regard to the Taft Road property and restrained plaintiff from recording any further notices or filing any further lawsuits in the state courts involving the real estate.

(5)     Approximately two weeks after plaintiff lost his case before Judge Post in the Ottawa County Circuit Court, plaintiff filed suit in this court against family members and PW Services.  (*Ervin Joseph LaMie, Jr. v. Greg Smith, et al.* - case no. 1:12-cv-201).  On March 6, 2013, Chief Judge Paul Maloney issued an opinion and order in that case finding, among other things, that plaintiff's

claims concerning the Taft Road real property and personal property contained thereon were barred by *res judicata* arising from the Muskegon County Probate proceedings. Plaintiff's appeal from Judge Maloney's final order was dismissed for want of prosecution.

In the present case, plaintiff essentially reiterates the claims raised in the previous federal court litigation, but brings those claims against Cereska and Wright, who are employees of PW Services, rather than PW Services itself. Counts I, IV, V, VII.B and VII.C pertain to the Taft Road property or personal property involved in the Probate Court case. Count VII pertains to bank accounts and other personal property that were the subject matter of the Probate Court proceedings. The RICO claim in count IX is obviously directed to the Muskegon County Probate Court proceedings. The fraud claim in count X appears to cover all property in which plaintiff claims an interest.

Plaintiff's claims against Cereska and Wright in the foregoing counts are clearly barred by the doctrine of *res judicata*, arising both from the Probate Court judgment and from Chief Judge Maloney's final judgment in *LaMie v. Smith*, case no. 1:12-cv-201. Under both Michigan law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the previous action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Although neither Cereska nor Wright were parties to the previous two lawsuits, their employer, PW Services, was a party. The application of *res judicata* does not require an identity of parties. Rather, the parties need only be in privity or in a relationship, such as that between employer and employee, in which one party is

vicariously liable for the acts of the other.  *See* RESTATEMENT (2d), JUDGMENTS, § 51 (1982).  Both

the federal courts and the Michigan courts hold that an employee acting within the scope of his

employment is entitled to invoke the doctrine of *res judicata* defensively when a plaintiff sues the

employee after having unsuccessfully litigated the same claims against the employer.  *See McCoy*

*v. Michigan*, 369 F. App'x 646, 649 (6th Cir. 2010); *ABS Indus., Inc. v. Fifth Third Bank*, 333 F.

App'x 994, 999-1000 (6th Cir. 2009) ("[I]t is well settled that a principal-agent relationship satisfies

the privity requirement of *res judicata* where the claims alleged are within the scope of the agency

relationship."); *Mooney v. Central Motor Lines*, 222 F.2d 572 (6th Cir. 1955); *Depolo v. Greig*, 62

N.W.2d 441, 444 (Mich. 1954) (determination of an issue in a suit brought against the principal bars

an action against the agent); *Peterson Novelties, Inc. v. City of Berkeley*, 672 N.W.2d 351, 359

(Mich. Ct. App. 2003).

Cereska and Wright were clearly acting within the scope of their employment by PW

Services when they committed the acts and omissions alleged by plaintiff in connection with the

Probate Court proceedings.  The principles enunciated in section 51 of the Restatement of

Judgments, which are universally followed in the state and federal courts, entitle Cereska and Wright

to rely on the preclusive effect of the previous Probate Court and federal court judgments on

identical claims against their employer PW Services.  On this basis, I conclude that the claims in

counts I, IV, V, VII.B, VII.C, VIII, IX and X involving the Taft Road property and personal property

or bank accounts involved in the Probate Court case are barred by *res judicata*.

## II.    Failure to State a Claim

To the extent that plaintiff's claims are not barred by previous adjudications, they fail to state a claim upon which relief can be granted.

Count II.    Count II purports to assert a fraud claim against Cereska and Wright involving Tennessee real estate owned by plaintiff's father.  Plaintiff asserts a claim to this property as his father's heir.  As the previous report and recommendation has concluded, under both Michigan and Tennessee law, a putative heir has no interest in his ancestor's property.  (R&R at 24-25, docket # 111).  Count II fails to state a claim with regard to the Tennessee property, as plaintiff had no interest in that property at the time of the alleged cause of action.

Count III.    Count III alleges a conspiracy among all defendants to deprive plaintiff of his home located on Wilson Road in Fruitport, Michigan.  The property was encumbered by a mortgage in favor of Fifth Third Mortgage-MI, LLC granted by plaintiff's father.   Plaintiff apparently lost any interest in the land when the Fifth Third Mortgage Company foreclosed.  Judge Janet Neff of this court denied plaintiff any relief against the foreclosure in *Federal Home Loan Mortgage Corp. v. LaMie*, case no. 1:11-cv-577.  The previous report and recommendation determined that count III failed to state a claim for conspiracy against any defendant arising from the actions taken by Fifth Third Mortgage Company to foreclose on this property.  (R&R at 26-27).  On identical grounds, count III fails to state a conspiracy claim against Cereska and Wright.

Count IV.  Count IV purports to be a RICO claim.  As noted in section I above, count IV is barred to the extent that it seeks to assert an interest in the Taft Road property, under the

doctrine of *res judicata*.  The report and recommendation (R&R at 27-28) concluded that count IV

failed to state a RICO claim, as it identified no enterprise or pattern of racketeering activity.  To the

extent it is not barred by *res judicata*, count IV fails to state a RICO claim against any defendant,

including Cereska and Wright.

Count VI.  Count VI is directed only against defendants Cereska and Wright and

alleges breach of fiduciary duty.  Duty is "a question of whether the defendant is under any

obligation for the benefit of a particular plaintiff."  *Schultz v. Consumers Power Co.*, 506 N.W.2d

175, 177 (Mich. 1993).  The existence of a legal duty is a question of law.  *See Oja v. Kin*, 581

N.W.2d 739, 741 (Mich. Ct. App. 1998).  Michigan law defines a fiduciary duty as a duty to act for

someone's benefit, while subordinating one's personal interest to that of the other person.  *See*

*Wallad v. Access BIDCO, Inc.*, 600 N.W.2d 664, 666 (Mich. Ct. App. 1999).

A claim that a conservator has breached his fiduciary duties in administering a

probate court matter falls outside the jurisdiction of the federal district courts.  The Michigan probate

courts have exclusive jurisdiction over conservatorships.  MICH. COMP. LAWS § 700.1302(c)

provides that the probate court has exclusive legal and equitable jurisdiction of any proceeding "that

concerns a guardianship, conservatorship, or protective proceeding."  The probate court's exclusive

jurisdiction covers all issues concerning how the protected person's estate is "managed, expended

or distributed."  MICH. COMP. LAWS § 700.5402(b).  The Michigan courts therefore hold that any tort

claim against a conservator for breach of fiduciary duty falls within the exclusive jurisdiction of the

probate court.  *Manning v. Amerman*, 582 N.W.2d 539, 610-14 (Mich. Ct. App. 1998); *accord Was*

*v. Plante*, Nos. 265270, 266224, 2006 WL 1713933 (Mich. Ct. App. 2006).  The Michigan courts

consider such claims to be inextricably intertwined with the administration of the estate of protected persons and therefore subject to the exclusive jurisdiction of the probate court. *Was*, 2006 WL 1713933, at 4.

The decision of the Sixth Circuit Court of Appeals in *Lepard v. NBD Bank*, 384 F.3d 232 (6th Cir. 2004), is controlling. *Lepard* was a *pro se* action brought against a bank, which had acted as trustee for the trust created by plaintiff's mother. The Eastern District of Michigan noted that claims regarding the administration of a trust fall within the exclusive jurisdiction of the Michigan probate courts. The district court therefore held that plaintiff's claim for breach of fiduciary duty against the trustee was barred by the "probate exception," pursuant to which the federal courts will refuse to exercise diversity jurisdiction over probate matters. The Sixth Circuit Court of Appeals affirmed:

> The magistrate judge concluded that these counts were "connected inextricably with the probate of the estate and other issues ancillary to probate." We agree. "The [probate] exception applies both to purely probate matters, and to matters ancillary to probate in the practical sense that allowing it [the case] to be maintained in federal court would impair the policies served by the probate exception to diversity jurisdiction."

*Lepard*, 384 F.3d at 237-38 (quoting *Cenker v. Cenker*, 660 F. Supp. 793, 795 (E.D. Mich. 1987). Because plaintiff's claim for breach of fiduciary duty involved the administration of the probate estate, such claims fall within the exclusive jurisdiction of the probate court and outside of the federal court's jurisdiction. *Id.* at 238.

Additionally, even if this court were to have jurisdiction over plaintiff's claim of breach of fiduciary duty, that claim is legally deficiency. Plaintiff asserts that Wright and Cereska had a fiduciary responsibility to protect the estate of his parents and that "said duty extended to the

-10-

heirs of the estate." (Am. Compl. ¶ 116).  Count VI is therefore based on an inarguable legal premise.  The duties of a conservator are established by Michigan statutory law.  MICH. COMP. LAWS § 700.5401-.5433.  Conservators are indeed fiduciaries and must observe the standard of care applicable to a trustee.  MICH. COMP. LAWS § 700.5416.  The conservator's sole fiduciary duty, however, is to the protected person.  A trustee is bound to exercise his powers for the exclusive benefit of his beneficiary.  *See Estate of Vollbrecht v. Pace*, 182 N.W.2d 609, 613 (Mich. Ct. App. 1970).  As noted above, a presumptive heir has no interest in his ancestor's property.  The duties of Wright and Cereska, as employees of the court-appointed conservator, were to act in the best interest of the protected persons, not plaintiff.  Recognizing fiduciary duties to individuals other than the protected person would erect intolerable conflicts of interest, as the interests of aging parents often conflict with those of their adult children.  "To hold a conservator owes fiduciary obligations to a protectee's spouse or adult children could require the conservator to act in direct conflict to his statutory obligation to act in the best interest of the protectee alone."  *Scott v. Flynn*, 946 S.W.2d 248, 253 (Mo. Ct. App. 1997).

The court-appointed conservator had a duty to act exclusively for the benefit of the protected persons for whom the conservator was appointed.  Plaintiff's interests in the conservatorship proceedings were adverse to those of his parents, and the conservator owed him no duty.  Furthermore, the probate courts of the State of Michigan have exclusive jurisdiction over actions asserting breach of duty by fiduciaries those courts have appointed.  Count VI therefore fails to state a claim upon which relief can be granted.

Count VII.A.  Count VII.A purports to allege a conspiracy to deprive "the heirs of the

Estate of Ervin Joseph LaMie, Sr. including the plaintiff" of their interest in real property located in

Tennessee.  (Am. Compl. ¶ 131).  Plaintiff's claim is based on the inarguable proposition that a

putative heir has an interest in his ancestor's property during the ancestor's life.  Both Michigan and

Tennessee hold that a putative heir has no legally protected interest in or entitlement to an ancestor's

property while the ancestor is still alive.  (*See* R&R at 24-25, docket # 111).  Count VII.A therefore

fails to state a claim against any party, including Cereska and Wright.  (*Id.* at 30).

Count IX.  Count IX purports to allege a RICO claim against all defendants.  To the

extent that the subject matter of count IX is the Taft Road property, it is barred by *res judicata*.

Beyond that, count IX fails to state a claim under the RICO statute for the reasons set forth in the

previous report and recommendation (R&R at 32-33).

### Recommended Disposition

Counts I, IV, V, VII.B, VII.C, VIII, IX and X are patent collateral attacks on the

Probate Court conservatorship proceedings.  Plaintiff raises claims that were or could have been

asserted in that case.  These counts are barred by *res judicata*.  Counts II, III, IV, VI, VII.A and IX,

to the extent that they are not barred by prior judgments, fail to state a claim on which relief can be

granted.  I therefore recommend that the motion of defendants Wright and Cereska for summary

judgment (docket # 113) be granted and that a final judgment be entered in favor of all defendants.

Dated:  June 4, 2014                            /s/  Joseph G. Scoville
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).